**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                         :
COMMUNITY PRESERVATION                   :   CIVIL ACTION NO. 07-2286 (MLC)
CORPORATION,                             :
                                         :
       Plaintiff,                        :   MEMORANDUM OPINION
                                         :
       v.                                :
                                         :
MYG MANAGEMENT, LLC, et al.,             :
                                         :
       Defendants.                       :
                                         :
```

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed — without prejudice to recommence the action in state court within thirty days of the dismissal — for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 53, Order to Show Cause ("OTSC")); and

**THE PLAINTIFF** (1) having brought this action ("Federal Action") to recover damages under state law against the defendants (a) MYG Management, LLC ("MYG"), (b) Chambers Properties 2004, LLC ("CHP"), (c) 237 Bellevue, LLC ("TBV"), (d) 484 West State Street, LLC ("FWS"), (e) 488 Greenwood, LLC ("FGW"), (f) Toronto Mortgage, LLC ("TORM"), and (g) Max Edelkopf, (2) having asserted jurisdiction under Section 1332, and (3) bearing the burden of demonstrating jurisdiction (dkt. entry no. 1, Compl.), see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007), Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction lacking); and the plaintiff then having voluntarily

dismissed the claims asserted against FGW under Federal Rule of Civil Procedure 41(a) (dkt. entry no. 23); and the plaintiff then having (1) moved to amend the complaint to add Benjamin Funding Corp. ("BFG") as a defendant, and (2) asserted that two weeks after the Federal Action was brought, a judgment was (a) "entered in favor of [BFG] against [CHP] and Max Edelkopf, individually, in the Superior Court of New Jersey in Case Number L-00034307" ("State Action"), and (b) "docketed against" the mortgaged premises at issue in the Federal Action (dkt. entry no. 44, Pl. Aff. at 2-3); but the plaintiff having filed a document that appears to suggest that the relief that BFG sought in the State Action had vested before the Federal Action was brought (see id., Ex. A, Abstract (calculating per diem interest in State Action for period beginning one month before Federal Action brought)); and the Court's research on Westlaw's "Dockets — New Jersey — Superior Court" library having revealed that the State Action was commenced three months before the Federal Action was commenced; and the Magistrate Judge having granted the motion to amend (dkt. entry no. 47); and

**IT APPEARING** that the plaintiff is a New York citizen (dkt. entry no. 48, Amended Compl. at 2); and the plaintiff having alleged that Edelkopf is a New Jersey citizen (id.); but the Court's research on Westlaw's "People Records — Combined" library, with an emphasis on New York and New Jersey records, having

revealed that Edelkopf has a New Jersey business address, but is a New York citizen; and it having appeared also, according to the plaintiff's allegations and the Court's research on Westlaw's "Corporate Records & Business Registrations" library, that BFG is a Delaware corporation with its principal place of business in New York, and thus is deemed a citizen of New York (id.), see 28 U.S.C. § 1332(c)(1); and

**THE PLAINTIFF** also having merely alleged that MYG, CHP, TBV, FWS, FGW, and TORM are New Jersey limited liability companies with their principal places of business in New Jersey (Amended Compl. at 2); and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), see Ferrara Bakery & Café v. Colavita Pasta & Olive Oil Corp., No. 98-4344, 1999 WL 135234, at *2 (S.D.N.Y. Mar. 12, 1999) (stating for "diversity jurisdiction, the citizenship of LLCs formed under the [New Jersey Limited Liability Company Act] is the citizenship of its entire membership"); and it appearing also that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003); and

**THE COURT,** upon review of the jurisdictional allegations in the pleadings, having been concerned whether the plaintiff is deemed a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1), see <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); and it appearing that "subject matter jurisdiction is never waived", <u>Liberty Mut. Fire Ins. Co. v. Yoder</u>, 112 Fed.Appx. 826, 828 (3d Cir. 2004); and

**THE COURT** thus advising the plaintiff of the intention to dismiss the complaint for lack of jurisdiction unless the plaintiff (1) addressed the Court's concerns as to the apparent New York citizenship of both Edelkopf and BFG, (2) listed the names and provided supporting documentation tracing and analyzing the citizenship of each member — including non-managing members — of MYG, CHP, TBV, FWS, FGW, and TORM when the complaint was filed,[1] and (3) demonstrated that jurisdiction under Section 1332 existed when the complaint was filed, and remained when the amended complaint was filed (<u>see</u> OTSC at 4); and

**THE COURT** having advised the plaintiff that allegations as to where a member or party resides, is licensed, or has a place of business — as opposed to is a citizen or domiciled — would not

---

[1] It appears that Edelkopf is either a member, or a member of a member, of MYG, CHP, TBV, and FWS. (See dkt. entry no. 45, Edelkopf Aff. at 1.)

properly invoke the Court's jurisdiction (id. at 5); and the Court having advised the plaintiff that a response based upon information and belief, or an assertion that is not specific (e.g., citizen of "a state other than New York") would not suffice (id.); but the Court having advised the plaintiff that the Court would dismiss the complaint without prejudice to recommence the action in state court within thirty days of the dismissal, as the limitations period for the cause of action is tolled by the filing of the federal complaint (id.); and

**THE PLAINTIFF** having sought, and been granted, one enlargement of time to respond to the order to show cause (dkt. entry no. 54); and the plaintiff not responding thereafter; and the Court thus intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to recommence the action in state court within thirty days; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    October 27, 2008